OPINION
ALAN E. NORRIS, Circuit Judge.
Proposed intervenor Detroit International Bridge Co. (“DIBCO”) appeals from the denial of its motion to intervene of right. It sought to intervene as a defendant in a condemnation action in which the condemned land was owned by a third party. The district court denied DIBCO’s motion for failure to meet the requirements of intervention of right under Fed. R.Civ.P. 24(a). We conclude that intervention was improper because the district court lacked jurisdiction to hear DIBCO’s underlying claim.
In 1979, the United States determined to expand a Detroit customs facility and commenced a condemnation action against DIBCO’s land. DIBCO challenged the condemnation. In 1991, the United States and DIBCO agreed to settle the condemnation proceeding. They agreed to a memorandum of agreement (“MOA”) under which the United States agreed to enlarge the scope of its expansion and condemn third party property, including the totality of a lot owned by Commodities Export Co. and Walter H. Lubienski (“Commodities”). DIBCO agreed to compensate the United States for the costs of condemnation. DIBCO claims that the MOA gave it the right to be consulted regarding the costs of condemnation, and that it only required DIBOO to pay condemnation costs that were reasonable in light of federal regulations.
In 1996, the United States brought a condemnation action against Commodities. DIBCO’s counsel was in attendance at conferences in that action at which the United States indicated that it would not seek to condemn the entirety of Commodities’ land. DIBCO regarded the failure to condemn all of Commodities’ land as a breach of the MOA, but it did not seek to intervene in this condemnation proceeding. Instead, DIBCO sought to reopen the 1979 condemnation action on the grounds that the MOA had been breached. The 1979 action went to trial, and on February 21, 2002, a jury awarded DIBCO nearly $4.1 million in compensation for its land.
In the meantime, the United States changed its position regarding Commodities’ land and in 2001 commenced a new condemnation proceeding against the entirety of Commodities’ property. DIBCO again failed to intervene. DIBCO contends that it had no reason to intervene until November of 2001, when it learned that the United States and Commodities had entered a settlement under which the United States would compensate Commodities in the amount of $14.9 million, far in excess of the $366,000 at which its *307 land had been appraised, and after the United States indicated that it may seek to enforce the MOA against DIBCO. On December 28, 2001, DIBCO brought this motion to intervene in this condemnation proceeding, seeking declaratory and in-junctive relief from enforcement of the MOA, and seeking to challenge the grant of a motion to vacate an opinion that allowed Commodities’ valuation testimony.
The district court denied DIBCO’s motion to intervene of right for failure to meet the requirements of Fed.R.Civ.P. 24(a). DIBCO appeals that finding. We affirm the district court’s denial because the district court lacked jurisdiction to hear DIBCO’s underlying claim.
This court is under an “independent obligation to police its own jurisdiction,” regardless of whether the parties challenged jurisdiction. SEC v. Basic Energy & Affiliated Res., Inc., 273 F.3d 657, 665 (6th Cir.2001). We lack appellate jurisdiction where the district court lacked subject matter jurisdiction. We review the district court’s exercise of subject matter jurisdiction de novo. Care Choices HMO v. Engstrom, 330 F.3d 786, 788 (6th Cir.2003).
The district court could not permit intervention under Rule 24(a) because it lacked subject matter jurisdiction over DIBCO’s underlying claim. DIBCO sought declaratory and injunctive relief against the United States, and the United States had not waived its sovereign immunity to such a claim. No statute waives the United States’ sovereign immunity from contract claims for declaratory or injunctive relief in district court. DIBCO argues that the district court had subject matter jurisdiction to hear its claim under 28 U.S.C. § 1367. That statute provides in part as follows:
Except as provided in subsections (b) and (e) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
28 U.S.C. § 1367(a). This provision does not constitute a waiver of sovereign immunity. “A waiver of sovereign immunity must be unequivocally expressed in the statutory text ... and will not be implied.” Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (citations omitted). “Moreover, a waiver of the Government’s sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign.” Id. (citing United States v. Williams, 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995)). The statute that DIBCO cites does not “unequivocally express” an intent to waive sovereign immunity, and therefore cannot constitute a grant of subject matter jurisdiction over DIBCO’s claim.
The district court also lacked subject matter jurisdiction over DIBCO’s underlying claim because it was presented as grounds for a motion to intervene in a condemnation proceeding. Because DIB-CO seeks to intervene to assert a claim against the United States, it seeks to intervene as a defendant in the condemnation proceeding. Federal Rule of Civil Procedure 71A(e) describes the types of defense pleadings permitted in a condemnation proceeding:
Appearance or Answer. If a defendant has no objection or defense to the taking *308 of the defendant’s property, the defendant may serve a notice of appearance designating the property in which the defendant claims to be interested. Thereafter, the defendant shall receive notice of all proceedings affecting it. If a defendant has any objection or defense to the taking of the property, the defendant shall serve an answer within 20 days after the service of notice upon the defendant. The answer shall identify the property in which the defendant claims to have an interest, state the nature and extent of the interest claimed, and state all the defendant’s objections and defenses to the taking of the property. A defendant waives all the defenses and objections not so presented, but at the trial of the issue of just compensation, whether or not the defendant has previously appeared or answered, the defendant may present evidence as to the amount of the compensation to be paid for the property, and the defendant may share in the distribution of the award. No other pleading or motion asserting any additional defense or objection shall be allowed.
The Rule evidences that district courts only have jurisdiction to hear defenses and objections from defendants in condemnation cases. A district court lacks jurisdiction to hear counterclaims against the United States in condemnation cases. United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 380 (4th Cir.1995).
In addition, case law indicates that even a party that holds a property interest in the taken land could not present a contract claim in a condemnation proceeding against its own property. Id. at 380. Therefore, DIBCO, which lacks any property interest in Commodities’ land, is also barred from asserting a contract claim in a condemnation proceeding, and the district court had no subject matter jurisdiction to hear DIBCO’s claim.
Even if DIBCO asserts that it seeks to intervene solely to challenge the reasonableness of the settlement amount, a basis for intervention which could be classified as a defense or objection, it would still not fall within the class of pleadings that a district court has jurisdiction to hear in a condemnation proceeding. Rule 71A(e) requires that the defendant “identify the property in which the defendant claims to have an interest[.]” Fed.R.Civ.P. 71A(e). The Rule thus evidences that a district court only has jurisdiction to entertain defenses and objections from parties who could assert property interests in the condemned land. DIBCO holds no property interest in Commodities’ land, and the district court lacked subject matter jurisdiction to hear its purported defense or objection.
For the foregoing reasons, the judgment of the district court is AFFIRMED.
NORRIS, J. delivered the opinion of the court, in which BATCHELDER, J., joined. COLE, J. (pp. 8-13), delivered a separate concurring opinion.